# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| DURACELL U.S. OPERATIONS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | No. 17 C 3166 |
| | ) | |
| v. | ) | Judge Robert Gettleman |
| | ) | |
| JRS VENTURES, INC., | ) | Magistrate Judge Jeffrey Cole |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

The Agreed Protective Order in this case allows a party to designate documents as "CONFIDENTIAL--ATTORNEY'S EYES ONLY," but also allows for the opposing party to challenge the designation. [Dkt. # #20, pp 3(a); 12]. Of course, consistent with undeviating rules governing all discovery, *cf.* discussion in *Physicians Healthsource, Inc. v. Allscripts Health Sols., Inc.*, 2017 WL 2406143, at *12 (N.D. Ill. 2017), a designation must be in good faith and well founded. The plaintiff contacted defendant and challenged the designation, suggesting that it be reduced to merely "CONFIDENTIAL."

The parties then appeared Judge Gettleman at a status hearing on August 29, during which the court asked counsel for defendant why the "Attorney's Eyes Only" designation was used. Oddly, counsel had no explanation and indicated he would discuss the matter with his client. [Dkt. #24, at 3]. On September 2, counsel for the parties engaged in an email exchange over the issue; counsel for defendant still offered no explanation, stating only that "[w]e commit to the 'CONFIDENTIAL-ATTORNEY'S EYES ONLY' designation." [Dkt. #24, at 18]. That, of course, did not comport with the requirements of the Agreed Protective Order that required the designating party to show that its

designations are proper. [Dkt. #20, p.12(b)]. As the defendant offered no explanation, it would appear that it had not carried its burden. *Ipse dixits* don't count.

On September 11, 2017, the plaintiff filed a "Motion to Strike Improper Highly Confidential Designation of Defendant's Interrogatory Responses." [24]. That was where things stood as of September 18, 2017. This morning, at the scheduled hearing on the plaintiff's motion -- necessitated by the defendant's conduct -- I was informed by the plaintiff's counsel that plaintiff was withdrawing its motion by agreement since the defendant had promised to drop the objected-to designation. Although he was permitted to appear *pro hac vice* and had hired local counsel as our Local Rules require, the defendant's counsel did not appear, even though it had caused the motion to be filed in the first place. Notification to a movant is not proper notification to the court. In any event, plaintiff's motion to strike confidential designations from interrogatory answers [24] was allowed to be withdrawn without prejudice. Consequently, the plaintiff's letter to me of September 13, 2017, enclosing a decision of the Court of International Trade, was not considered by me and thus need not be made part of the record.

In light of what has occurred, a caution is in order. First, litigation should be "conducted in public to the maximum extent consistent with respecting trade secrets ... and other facts that should be held in confidence." *Hicklin Eng'r, L.C. v. Bartell,* 439 F.3d 346, 348 (7th Cir.2006); *Modine Mfg. Co. v. Borg-Warner, Inc.,* 2013 WL 5651381, at *14 (E.D. Wis. 2013). *See generally Ernst v. City of Chicago,* 2013 WL 6139643 at *1 (N.D.Ill. 2013). Discovery pursuant to an agreed protective order is not exempt from this rule. *See United States v. Foster*, 564 F.3d 852, 853 (7th Cir. 2009); *In re Bank One Securities Litigation*, 222 F.R.D. 582, 585 (N.D.Ill. 2004). Nor does the existence of an Agreed Protective Order do away with the basic concept that proper discovery is integral to the

quest for truth and thus to the fair adjudication of cases on their merits. *See* discussion in *Physicians Healthsource, Inc. v. Allscripts Health Sols., Inc.*, 2017 WL 2406143, at *12 (N.D. Ill. 2017). Captious and unsupported objections, regardless of the existence of an Agreed Protective Order, will not be condoned. Nor will boilerplate objections, which are, essentially, no objections at all. *See Bankdirect Capital Fin., LLC v. Capital Premium Fin., Inc.*, 2017 WL 4005918, at *2 (N.D. Ill. 2017).

Counsel for defendant or local counsel must appear on October 17, 2017 at 8:30 am and at all future court calls unless otherwise excused by the court. The plaintiff's request for fees [24] is moot in light of the withdrawal of the motion. However, it should be noted that parties that improperly and needlessly put their opponents to effort to which they should not have been put may find themselves the object of a successful fee petition. *See Koehn v. Tobias*, 866 F.3d 750, 753 (7th Cir. 2017). *See also Rickels v. City of South Bend, Indiana*, 33 F.3d 785, 786-87 (7th Cir. 1994)(Easterbrook, J.)("Fee shifting when the judge must rule on discovery disputes encourages their voluntary resolution and curtails the ability of litigants to use legal processes to heap detriments on adversaries without regard to the merits of the claims.").

Status hearing is set for October 17, 2017 at 8:30 am.

**ENTERED:** _____
**UNITED STATES MAGISTRATE JUDGE**

**DATE:** 9/18/17