IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DURACELL U.S. OPERATIONS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Case No.   17 C 3166 |
| | ) | |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| JRS VENTURES, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| ─────────────────────────────── | ) | |
| DURACELL U.S. OPERATIONS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Case No.   17 C 7354 |
| | ) | |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| CHICAGO IMPORT, INC., CENTRAL | ) | |
| SUPPLY, INC., CVS SALES CORP., ELEGANT | ) | |
| TRADING, INC., HUARAZ CORP., PRICE | ) | |
| MASTER CORP., YAHYA TRADING, and | ) | |
| ZALMEN REISS AND ASSOCIATES, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

In Case No. 17-C-3166 plaintiff has brought a five-count second amended complaint against defendant JRS Ventures ("JRS") alleging federal trademark infringement (Count I) and contributory federal trademark infringement (Count II) in violation of 15 U.S.C. § 1114, false designation of origin (Count III) and contributory false designation of origin (Count IV) in violation of 15 U.S.C. § 1125(a), and a state law unfair competition claim (Count V).   In Case No. 17-C-7354 (previously assigned to Judge Feinerman) plaintiff has brought a seven-count amended complaint against defendants Chicago Import, Inc., Central Supply, Inc., CVS Sales

Corp., Elegant Trading, Inc., Huaraz Corp., Price Master Corp., Yahya Trading, and Zalmen

Reiss and Associates, alleging trademark infringement (Count I) and trademark counterfeiting

(Count V) in violation of 15 U.S.C. § 1114, false advertising (Count II), unfair competition and

false designation of origin (Count III), and trademark dilution (Count IV), all in violation of 15

U.S.C. § 1125, trademark infringement and unfair competition (Count VI) in violation of Illinois

common law, and violations of the Uniform Deceptive Trade Practices Act, 815 ILCS 510/2

(Count VII).   Plaintiff moved this court to consolidate the cases.   The court found that the cases

raise substantially similar claims, will require substantially similar discovery, and are in

substantially similar procedural postures, and granted plaintiff's motion to the extent that it

reassigned to it Case No. 17-C-7354.   JRS Ventures has filed a motion to dismiss the second

amended complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6).   Price Master[1] and

Central Supply have also filed motions to dismiss the amended complaint for failure to state a

claim under Fed. R. Civ. P. 12(b)(6).   For the reasons discussed below, those motions are

denied.

## BACKGROUND[2]

Plaintiff alleges that JRS imports and distributes "gray market" Duracell batteries that are

materially different from the Duracell batteries that are authorized for sale in the United States.

According to plaintiff, the batteries JRS distributes are intended for sale only to original

---

[1] CVS Sales Corp. and Zalmen Reiss and Associates have joined in Price Master's motion to
dismiss.

[2] The facts in this section are taken from the allegations in the complaint, which are presumed
true for purposes of resolving defendants' motions to dismiss.   Virnich v. Vorwald, 664 F.3d
206, 212 (7th Cir. 2011).

equipment manufacturers ("OEMs") to be used in electronic products that are sold with the batteries included.   Such batteries are manufactured overseas, in contrast to the batteries intended for sale to U.S. consumers, which are made in the United States.   The batteries plaintiff manufactures for sale to U.S. consumers feature various consumer benefits that OEM batteries lack: information about plaintiff's battery guarantee[3] and its ten-year retail consumer warranty; label warnings; and contact information for plaintiff's U.S. customer service department.   These benefits are featured prominently on packages designed by plaintiff for batteries intended for sale to U.S. consumers, and plaintiff alleges that consumers associate such benefits with a purchase of its products. OEM batteries lack these benefits because they are inapplicable to OEM purchases, and the packages in which JRS sells the OEM batteries do not feature any of these benefits because JRS repackages the batteries after receiving them in bulk.[4]   According to plaintiff, the repackaged batteries are also materially different because plaintiff's packaging is specially designed to ensure that U.S. retail batteries are shipped safely to U.S. customers. OEMs are contractually prohibited from selling OEM batteries at retail.

Plaintiff also alleges that the remaining defendants import and distribute "gray market" OEM Duracell batteries that are materially different from the Duracell batteries that are authorized for sale in the United States for the same reasons.   Plaintiff further alleges that some of the remaining defendants distribute foreign-made Duracell batteries that are intended for overseas distribution and are not authorized for sale in the United States.   These batteries also

---

[3] The guarantee provides that Duracell will repair or replace any device that is damaged because of a defect in a U.S. retail battery.
[4] OEM batteries are packaged in bulk and shipped in cardboard trays to OEMs for installation in or inclusion with OEM manufactured products.

lack the above consumer benefits, which are absent from the foreign packaging, and instead have different guarantees and warranties that do not apply when the batteries are sold in the U.S. According to plaintiff, defendants are intentionally misleading consumers into believing that the batteries they offer for sale are U.S. retail batteries that come with all of the above consumer benefits, for which plaintiff is known.

## **DISCUSSION**

### I.     **Legal Standard**

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) challenges the sufficiency of the complaint, not its merits.   Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990). When evaluating a Rule 12(b)(6) motion, the court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in plaintiff's favor.   Sprint Spectrum L.P. v. City of Carmel, Indiana, 361 F.3d 998, 1001 (7th Cir. 2004).   To provide the defendant with "fair notice of what the claim is and the grounds upon which it rests," the complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief."   Bell Atlantic Corp. v. Twombly, 550 U.S. 549, 555 (2007) (citing Fed.R.Civ.P. 8(a)(2)).   The complaint must allege sufficient facts that, if true, would raise a right to relief above the speculative level, showing that the claim is plausible on its face.   Id.   To be plausible on its face, the complaint must plead facts sufficient for the court to draw the reasonable inference that the defendant is liable for the alleged misconduct.   Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

### II.     **Analysis**

The crux of the complaints in both cases is plaintiff's claim that defendants' sale of OEM and foreign batteries violates the Lanham Act, 15 U.S.C. §§ 1114 and 1125.   To state a claim

under the Lanham Act, plaintiff must allege that: (1) "its mark is protectable"; and (2) "the defendant's use of the mark is likely to cause confusion among consumers." CAE, Inc. v. Clean Air Eng'g, Inc., 267 F.3d 660, 673–74 (7th Cir. 2001). Plaintiff's state law and common law claims are also "to be resolved according to the principles set forth under the Lanham Act." Spex, Inc. v. Joy of Spex, Inc., 847 F. Supp. 567, 579 (N.D. Ill. 1994) (citing Gimix, Inc. v. JS & A Group, Inc., 699 F.2d 901, 908 (7th Cir. 1983)); see also MJ & Partners Rest. Ltd. P'ship v. Zadikoff, 10 F. Supp. 2d 922, 929 (N.D. Ill. 1998). Accordingly, the key question in the instant case is whether defendants' sale of the OEM and foreign batteries is likely to cause confusion among consumers.[5]

The Seventh Circuit generally answers this question by analyzing "seven factors to determine the likelihood of confusion." Sorensen v. WD-40 Co., 792 F.3d 712, 726 (7th Cir. 2015). That analysis changes, however, in the "gray market" context, where the defendant sells products that were manufactured by the plaintiff and bear the plaintiff's genuine marks. In this context, courts in this circuit and beyond answer the likelihood of confusion question by determining whether the defendant's gray market product is materially different from the product sold by the plaintiff. See Philip Morris, Inc. v. Allen Distributors, Inc., 48 F. Supp. 2d 844, 852 (S.D. Ind. 1999) (collecting cases); Beltronics USA, Inc. v. Midwest Inventory Distribution, LLC, 562 F.3d 1067, 1072 (10th Cir. 2009) (collecting cases).

"A guiding principle in evaluating whether a difference between two products bearing the same trademark is material is whether the difference 'confuses consumers and impinges on the

---

[5]None of the defendants argues that plaintiff's mark is not protectable.

… trademark holder's goodwill.'" <u>Beltronics</u>, 562 F.3d at 1073 (alterations in original) (quoting <u>Societe Des Produits Nestle, S.A. v. Casa Helvetia, Inc.</u>, 982 F.2d 633, 638–39 (1st Cir. 1991)). There is "no mechanical process [] for determining the threshold of materiality," which must be analyzed "on a case-by-case basis" according to "the products and markets at issue." <u>Id.</u> (internal quotation marks and citations omitted). "Because many factors influence such considerations, the threshold 'must be kept low to include even subtle differences between products.'" <u>Id.</u> (quoting <u>Davidoff & CIE, S.A. v. PLD Int'l Corp.</u>, 263 F.3d 1297, 1302 (11th Cir. 2001)).

Importantly, "'physical material differences are not required to establish trademark infringement … because trademarked goods originating from the trademark owner may have nonphysical characteristics associated with them, including services, such that [the sale of] similar goods lacking those associated characteristics … may mislead the consumer and damage the owner's goodwill.'" <u>Id.</u> (alterations in original) (quoting <u>SKF USA Inc. v. Int'l Trade Comm'n</u>, 423 F.3d 1307, 1312 (Fed. Cir. 2005)). Additionally, courts should consider "differences such as 'warranty protection or service commitments [that] may well render products non-identical in the relevant Lanham Trade-Mark Act sense.'" <u>Id.</u> (alterations in original) (quoting <u>Nestle</u>, 982 F.2d at 639 n.7)). Ultimately, "a difference is material if 'consumers [would] consider [it] relevant to a decision about whether to purchase a product.'" <u>Id.</u> (alterations in original) (quoting <u>Davidoff</u>, 263 F.3d at 1302)). Whether a difference is material is a "fact-based inquiry" that "cannot properly be dismissed on 12(b)(6) grounds." <u>Brilliance Audio, Inc. v. Haights Cross Commc'ns, Inc.</u>, 474 F.3d 365, 370 (6th Cir. 2007).

Plaintiff has adequately alleged material differences between the OEM and foreign-made batteries that defendants sell and the batteries that plaintiff manufactures for sale to U.S. consumers.   Plaintiff alleges that the OEM batteries are different from the batteries plaintiff manufactures for sale to U.S. consumers in the following ways: they are not covered by plaintiff's ten-year warranty; they are not covered by plaintiff's Customer Guarantee; the packaging does not contain a description of the warranty; the packaging lacks warning labels to ensure the product is used safely; and the packaging does not contain U.S. customer service information.   Plaintiff alleges that the foreign-made batteries are different from the batteries plaintiff manufactures for sale in the U.S. in all of the above ways, plus plaintiff's foreign packaging contains: information for foreign customer service departments that are generally inaccessible to U.S. consumers, advertising claims intended solely for foreign countries; and warning labels in foreign languages rather than English.   These differences, though subtle, are sufficient to overcome the low threshold of materiality.   See SKF, 423 F.3d at 1313 (lack of English language warning labels and service manuals for imported tractors sufficient to support a finding of material difference between authorized and gray market tractors) (citing Gamut Trading Co. v. ITC, 200 F.3d 775, 782 (Fed. Cir. 1999)).

Plaintiff plausibly alleges that U.S. consumers will be confused as to the origin of the batteries purchased from defendants and disappointed to learn that they do not come with the warranties and services that consumers associate with plaintiff's products, all to the detriment of plaintiff's goodwill, and in violation of the Lanham Act.   See R.J. Reynolds Tobacco Co. v. Cigarettes Cheaper!, 462 F.3d 690, 700 (7th Cir. 2006) (Foreign products sold under domestic marks have the "potential to mislead or confuse consumers about the nature or quality of the

product they are buying; they will assume it to be the same as the normal domestic product and be disappointed.").   That is sufficient to state a claim under the Lanham Act.   See Philip Morris, 48 F. Supp. 2d at 852 ("Whether a difference is material for Lanham Act purposes turns on whether consumers likely would consider the difference to be relevant when purchasing a product.") (citing Nestle, 982 F.2d at 641).

Defendants in both cases argue that, even if the allegedly infringing goods are materially different from those sold by plaintiff in the United States, plaintiff's claims still fail because plaintiff injects the U.S. market with OEM batteries and, therefore, cannot establish that "all or substantially all" of the batteries it sells are materially different from those sold by defendants. Assuming that plaintiff will have to establish this element to prevail on its Lanham Act claims,[6] defendants' argument still fails at this stage of the litigation.

Under Fed. R. Civ. P. 8(a)(2) plaintiff is required to include in its complaint "a short and plain statement of [its] claim[s]" to give defendants fair notice of each of its claims "and the grounds upon which [they] rest[]."   Twombly, 550 U.S. at 555 (internal quotation marks omitted).   Plaintiff is not obligated, however, to plead "facts that bear on the statutory elements of a claim."   Chapman v. Yellow Cab Coop., 875 F.3d 846, 848 (7th Cir. 2017).   Instead, the Federal Rules of Civil Procedure "require[] plaintiffs to plead *claims* rather than facts corresponding to the elements of a legal theory."   Id. (emphasis supplied).   It is therefore

---

[6] The court takes no position on this claim at this time and notes that the only cases plaintiffs cite are three federal circuit opinions concerning appeals from proceedings in the U.S. International Trade Commission.   See Deere & Co. v. ITC, 605 F.3d 1350 (Fed. Cir. 2010); Bordeau Bros. v. ITC, 444 F.3d 1317 (Fed. Cir. 2006); SKF United States, Inc. v. ITC, 423 F.3d 1307 (Fed. Cir. 2005).

"manifestly inappropriate for a district court to demand that complaints contain all legal elements (or factors) plus facts corresponding to each." Id. "It is enough to plead a plausible claim, after which 'a plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint.'" Id. (quoting Twombly, 550 U.S. at 563). Plaintiff has stated plausible claims under the Lanham Act. Nothing more is required at the pleading stage.

Finally, Price Master and Central Supply argue that plaintiff has failed to allege facts sufficient to state a claim against them for various reasons, none of which warrant discussion. Because these arguments are meritless, the court will not address them. Defendants' motions to dismiss are denied in their entirety.

## CONCLUSION

For the foregoing reasons, defendants' motions to dismiss are denied in their entirety (17-C-3166 Doc. 68; 17-C-7354 Doc. 31, 70). Defendants are directed to answer the respective complaints on or before September 13, 2018. The parties are directed to file a joint status report using this court's form on or before September 20, 2018. The status hearing previously set for September 12, 2018, is continued to September 27, 2018, at 9:00 a.m.

**ENTER:** **August 16, 2018**

**Robert W. Gettleman**
**United States District Judge**

9